**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROUTE 18 CENTRAL PLAZA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FERGUSON ENTERPRISES NY-METRO, INC.,<br><br>Defendant. | Civil Action No. 15-2054 (JLL) (JAD)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Ferguson Enterprises NY-Metro, Inc. ("Defendant")'s motion to dismiss Plaintiff Route 18 Central Plaza, LLC ("Plaintiff")'s Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court **denies** Defendant's motion.

### I. BACKGROUND[1]

Plaintiff is a New Jersey Limited Liability Company. (Compl. at ¶ 1). Defendant is a corporation located in Virginia. (*Id.* at ¶ 2). On or about November 1, 2012 Plaintiff and Karl's Sales and Service Company, LLC ("KSSC") signed and executed a lease, in which Plaintiff agreed to rent property located in East Brunswick New Jersey to KSSC from November 11, 2012

---

[1] The following is taken as true solely for the purposes of this motion.

to November 10, 2017. (*Id.* at ¶¶ 3-4). Paragraph 2 of the lease provided that the tenant shall have a one-time option to terminate the lease as of February 1, 2015, by delivering to the landlord a written, unconditional termination notice no later than November 1, 2014. (*Id.* at ¶ 5). The lease further provided that the termination by the tenant shall only be effective if the tenant has fully and timely complied with all of its obligations under the Lease through November 11, 2014. (*Id*).

KSSC failed to timely pay the monthly installment of fixed rent and additional rent that was due to Plaintiff on June 1, 2013, and Plaintiff did not receive said payment from KSSC until June 5, 2013. (*Id.* at ¶ 11). KSSC's payment of fixed rent and additional rent was also late in the following months: July 2013, August 2013, September 2013, October 2013, November 2013, December 2013, and January 2014. (*Id.* at ¶¶ 12-18). Given KSSC's failure to timely make the previously mentioned monthly payments of fixed rent and additional rent to Plaintiff, KSSC relinquished its option to terminate the lease under the aforementioned paragraph 2. (*Id.* at ¶ 19).

On or about January 20, 2014, KSSC and Defendant entered into an Asset Purchase Agreement ("APA"), where Defendant purchased the existing business of KSSC. (*Id.* at ¶ 20). In connection with the transaction set forth in the APA, Defendant sought to lease the premises from Plaintiff as of January 20, 2014. (*Id.* at ¶ 21). On January 20, 2014, Plaintiff, KSSC, and Ferguson executed an Assignment, Consent, and Estoppel Agreement whereby KSSC assigned all of its rights under the lease to Ferguson and Plaintiff consented thereto in accordance with the terms of the lease. (*Id.* at ¶ 22).

Plaintiff alleges that because KSSC relinquished its option to terminate the lease under paragraph 2 by failing to timely make monthly payments of fixed rent and additional rent to Plaintiff, KSSC could not have transferred said option to Defendant under the Assignment,

Consent, and Estoppel Agreement because said option no longer existed under the lease. (*Id.* at ¶ 23). On January 20, 2014, Defendant also executed a Guaranty of lease, wherein Defendant "unconditionally [guaranteed] to Landlord the full and punctual payment of all rents and other sums payable by tenants under the lease". (*Id.* at ¶ 24). The Guaranty of Lease further stated that Defendant "waives notice of any breach or default by Tenant under the Lease", which "shall apply without limitation to Landlord's waiver of or failure to enforce any Tenant Obligations and/or Landlord's granting extensions of time of performance to Tenant." (*Id.* at ¶ 25).

Plaintiff further alleges that Defendant failed to timely pay the monthly installment of Fixed and Additional Rent that was due to Plaintiff on February 1, 2014 and Plaintiff did not receive said payment from Defendant until February 10, 2014. (*Id.* at ¶ 26). On September 26, 2014, Defendant notified Plaintiff via letter that it was exercising its paragraph 2 option and terminating the lease. (*Id.* at ¶ 28). Plaintiff alleges that Defendant has breached the terms of its Lease and Guaranty of Lease with Plaintiff, wrongfully failed and refused to make any further payments of fixed and addition rent to Plaintiff, failed and refused to take any actions to remedy its breaches, and as a direct a proximate result of Defendant's breaches, Plaintiff has suffered and will continue to suffer damages. (*Id.* at ¶¶ 28-33).

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-

moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

## III. DISCUSSION

### A. Motions Before the Court

#### 1. Defendant's Motion to Dismiss

Defendant argues that Plaintiff's Complaint should be dismissed upon the following grounds: (1) The documents cited in the Complaint make clear that Plaintiff cannot state a claim that the lease termination was ineffective because (a) Plaintiff concedes that it received all of the rent due and owing to it and (b) Plaintiff's claim that KSSC and/or Defendant failed to comply with the rental obligations is barred by the documents cited in the Complaint.

#### 2. Plaintiff's Opposition

Plaintiff responds to Defendant's arguments for dismissal by stating that: (1) Defendant was undisputedly late paying rent in February 2014 and waived all notice under the terms of the guaranty, and therefore Defendant's option to terminate the lease was extinguished; and (2) KSSC could not have assigned its option to terminate the lease to Defendant because said option had been extinguished by KSSC's habitually late payments of rent.

### B. Analysis[2]

---

[2] When deciding a motion to dismiss, generally, "a court looks only to the facts alleged in the complaint and its attachments . . . ." *Jordan*, 20 F.3d at 1261. However, a court may also look to "a document integral to or explicitly relied on in the complaint" without converting the motion into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (quotation marks and citation omitted). This exception to the general rule exists "so that [a] plaintiff cannot maintain a claim 'by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear

Plaintiff claims that Defendant has not fully and timely complied with the Lease because according to Plaintiff, KSSC and then Defendant made untimely rental payments. Defendant argues that the very documents that Plaintiff cites in its Complaint make clear that there was full, complete, and timely compliance with the Lease. First, Defendant argues that because Plaintiff does not allege that Defendant or KSSC failed to pay any of the rent that was due or because Plaintiff does not allege that Defendant failed to pay any rent once it assumed the Lease through the termination of the Lease, Plaintiff has failed to allege that there has not been full compliance with the lease and concedes that it received all of the rent due and owing to it. Next, Defendant argues that Plaintiff's claim that KSSC failed to comply with the rental obligations is barred by the express language in the estoppel certificate. Defendant contends that Plaintiff never alleged that it provided KSSC with notice of its late payment as required under Section 14(a)(1) of the Lease. Defendant further notes that in the Estoppel Certificate, Plaintiff expressly warranted and represented that the "Lease [was] in full force and effect," KSSC had not defaulted on the Lease and that KSSC had "fully performed" all of its obligations under the Lease. Defendant argues that by bringing this case, Plaintiff is wrongfully attempting to frustrate the very purpose of the Estoppel Certificate, which is to "prevent [Plaintiff] from . . . claiming a different state of facts" than those to which it had certified to in the Estoppel Certificate.

Moreover, Defendant contends that Plaintiff's argument that the termination was not valid based on its claim that Defendant failed to fully perform under the Lease by making the February 2014 rental payment on February 10, 2014 likewise fails to state a claim based on the express language in the Lease. Plaintiff points to the language of the Lease which provides that

---

that the statement [did not support the claim].'" *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426).

the failure to pay rent is untimely and constitutes an event of default only if certain conditions are met:

> (1) the tenant fails to pay rent within five days of when the rent is due;
> (2) thereafter, the Landlord delivers to the tenant written notice of the failure to pay; and
> (3) the tenant is provided an additional five days to make the payment before an event of default can be declared.

Lease, § 14(a)(1). Defendant cites to case law for the proposition that failure to comply with such notice and opportunity to cure defeats Plaintiff's claim that the purported late payment was a violation of the Lease. Moreover, Defendant argues that even if Plaintiff had provided the requisite notice of the purported late payment, that notice could not have been made until on or after February 6, 2014 (i.e., five business days after the first of the month). The rent payment is not deemed untimely or an event of default if it is received within five days of the notice -- here, the eleventh of the month. Defendant states that since Plaintiff concedes it received the February 2014 payment on February 10, 2014 (Compl. ¶ 26), this payment cannot be deemed untimely as it was paid within the notice and opportunity to cure time provisions.

Plaintiff responds to Defendant's arguments by citing to a provision in the lease which states:

> [A]ll payments of fixed and additional rent shall be made by the Tenant to the Landlord, without notice or demand, in advance, without set-off or deduction of any kind, and shall be due and payable and must be received by Landlord no later than the first day of each and every calendar month.

*See* Lease, ¶3(b). Plaintiff argues that faced with its clearly late payment and the terms of the "early termination clause", Defendant attempts to claim that its late payment was not an "event of default" under the Lease. Notably, Plaintiff points out, the "early termination clause" in paragraph 2 does not require an "event of default" to occur in order for the Tenant's option to

terminate to be extinguished. Plaintiff contends that Paragraph 2 of the Lease more stringently requires that the "Tenant has fully and timely complied with all of its obligations under this Lease" through November 1, 2014. Plaintiff states that it is beyond dispute that Ferguson failed to "fully and timely" make its monthly rental payment to Plaintiff in February 2014.

Moreover, Plaintiff argues that contrary to Defendant's contention, paragraph 14(a)(1) of the Lease does not require that Plaintiff provide written notice of each and every missed or late payment, but requires Plaintiff to do so only "once each calendar year." Second, even if Plaintiff was required to provide written notice to Defendant in February 2014—thereby extending the deadline for payment until February 11, 2014—Defendant waived all such notice in the Guaranty. Plaintiff notes that the Guaranty states that Defendant "waives notice of any breach or default by Tenant under the Lease", which "shall apply without limitation to Landlord's waiver of or failure to enforce any Tenant Obligations and/or Landlord's granting extensions of time of performance to Tenant." See Guaranty, ¶3. Plaintiff further points to the language of lease, specifically, paragraph 14(e), which provides that "[t]he failure on the part of the Landlord ... to enforce any of its rights as provided in this section upon any default, shall not be deemed a waiver of any of the terms and conditions of this Lease." See Lease, ¶14(e).

Additionally, Plaintiff argues that KSSC could not have assigned its option to terminate the lease to Defendant because said option had been extinguished by KSSC's habitually late payments of rent. Plaintiff points to the Assignment, which states that "[t]he Assignor (KSSC) hereby assigns and transfers to the Assignee (Defendant) all of Assignor's right, title and interest in and to the Lease and the Security Deposit." See Assignment, ¶2. Plaintiff asserts that KSSC could assign only its remaining rights under the Lease to Defendant (i.e. the remaining term,

security deposit, etc.), and could not assign its one-time option to terminate the Lease when KSSC no longer had any such right.

The Court finds it inappropriate to dismiss Plaintiff's claims at this stage of the litigation. While the Court is cognizant that by signing the Estoppel Certificate, which specifically stated that there were no defaults, Plaintiff may not be able to assert that the termination of the lease was ineffective, the Court is still persuaded by Plaintiff's citation to the general provision within the lease which states:

> [A]ll payments of fixed and additional rent shall be made by the Tenant to the Landlord, without notice or demand, in advance, without set-off or deduction of any kind, and shall be due and payable and must be received by Landlord no later than the first day of each and every calendar month.

See Lease, ¶3(b). It is undisputed that Defendant did not pay its February 2014 rent until the 10th day of the month. Paragraph 2 of Lease specifically states:

> Tenant shall have the one-time option, exercisable in strict compliance with this paragraph, to terminate this Lease as follows: Tenant shall have the option to terminate this Lease as of the first day of the twenty-seventh month following the Commencement Date [February 1, 2015] by delivering to Landlord a written unconditional termination notice to be received by Landlord no later than the first day of the 24th month following the Commencement Date [November 1, 2014], time being of the essence. ... ***The termination by Tenant shall be effective only if Tenant has fully and timely complied with all of its obligations under this Lease through the second anniversary of the Commencement Date*** [November 1, 2014].

See Lease, ¶2. (Emphasis added). Accordingly, because the Lease requires that all payments be made and received by the first calendar month and Defendant has allegedly failed to comply with this requirement by paying its February 2014 rent on the tenth day of the month, Plaintiff's Complaint is pled in a manner sufficient to defeat Defendant's motion to dismiss. Therefore, Defendant's motion is denied.

## IV. CONCLUSION

For the reasons herein expressed, Defendant's motion to dismiss Plaintiff's Complaint is **denied**.

An appropriate Order accompanies this Opinion.

DATE: June 8, 2015

Jose L. Linares
United States District Judge